UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
FIREMAN'S FUND INSURANCE CO., as      :
subrogee of KHOURY, INC.,              Case No.:
                                      :
             Plaintiff,               ANSWER
                                      :
      - against -                     07 CIV 9690
                                      :
JAPAN AIRLINES INTERNATIONAL
COMPANY, LTD.,                        :

             Defendant.               :
------------------------------------------------------------

Defendant JAPAN AIRLINES INTERNATIONAL COMPANY, LTD. ("JAL"), by its attorneys Clyde & Co US LLP, answers plaintiff's Summons and Endorsed Complaint ("Summons and Complaint") as follows:

1. Denies the allegations in the Summons and Complaint except admits that JAL contracted to transport a shipment of goods from Ho Chi Minh City, Vietnam to Las Vegas, Nevada pursuant to JAL air waybill no. 131-8120-8002 dated June 10, 2006 and leaves all questions of law for the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

2. The Complaint fails to state a claim against JAL upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

3. JAL has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by JAL, in accordance with such terms and conditions of contract.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

4. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997) (note) as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw 12 October 1929, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, 28 September 1955 and entered into force 1 August 1963) ("Warsaw Convention"), and the rights of the parties are governed exclusively by the provisions of the said Warsaw Convention.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

5. Pursuant to the Warsaw Convention, JAL's tariffs, JAL's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, JAL is not liable to plaintiff for the loss or damage described in the Complaint.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

6. Pursuant to Article 20 of the Warsaw Convention, JAL is not liable to plaintiff because it took all necessary measures to prevent the loss.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

7. JAL's liability, if any, is limited pursuant to Article 22 of the Warsaw Convention and/or JAL's tariffs and conditions of carriage as set forth in the relevant contract of carriage.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

8.  Pursuant to the Article 26 Warsaw and/or JAL's tariffs and conditions of carriage, JAL is not liable to plaintiff because plaintiff failed to dispatch timely written notice of claim to JAL of the loss or damage alleged in the Complaint.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

9.  The alleged damages complained of were caused or contributed to by the negligence of parties other than JAL and for whom JAL is not responsible and, therefore, JAL is not liable to plaintiff.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

10. The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of JAL.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

11. JAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff or its agents, servants or employees.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

12. Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff is barred from recovering any such damages from JAL.

## AS AND FOR AN TWELFTH
## AFFIRMATIVE DEFENSE

13. The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by JAL, or by a person for whom JAL is responsible.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

14. The Complaint should be dismissed because plaintiff lacks standing and/or capacity to maintain this action.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

16. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, JAL hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, defendant JAPAN AIRLINES INTERNATIONAL COMPANY, LTD demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated: New York, New York
October 31, 2007

                                        CLYDE & CO US LLP

                                        By: _____
                                             Andrew J. Harakas (AH 3515)
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        (212) 710-3900

                                        Attorneys for Defendant
                                        JAPAN AIRLINES INTERNATIONAL
                                        COMPANY, LTD.

To: Alfred J. Will, Esq.
Badiak & Will, LLP
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK   )

Mariana Nannarone, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in Brooklyn, New York. On October 31, 2007 deponent served the within **ANSWER** upon:

Alfred J. Will, Esq.
Badiak & Will, LLP
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Mariana Nannarone

Sworn to before me this
31st day of October, 2007

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 30, 2009